ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ALANNA C. BONDY, ESQ.
Nevada Bar No. 14830
**SGRO & ROGER**
2901 El Camino Ave., Ste. 204
Las Vegas, NV 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
abondy@sgroandroger.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC R. KUSTNER, ESQ. and YASMANI GURRI-RUBIO, CO-SPECIAL ADMINISTRATORS OF THE ESTATE OF CARLOS GURRI,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD PRECIADO, et al.<br><br>Defendants. | Case No. 2:25-cv-01102-JAD-EJY<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY (FIRST REQUEST)** |

Plaintiffs, Marc R. Kustner, Esq. and Yasmani Gurri-Rubio, as Co-Special Administrators of the Estate of Carlos Gurri (collectively, "Plaintiffs"), by and through their undersigned counsel, and Defendants Edward Preciado, Clark County, William Henry, Las Vegas Metropolitan Police Department, and Robert Leonard, by and through their undersigned counsel, hereby stipulate and respectfully request, pursuant to Fed. R. Civ. P. 26(c) to stay discovery in this matter pending the conclusion of the January 2027 criminal retrial of Jose Echavarria.

/ / /

/ / /

/ / /

## I. Procedural History & Other Relevant Proceedings

1. On May 29, 2025, Carlos Gurri commenced this action alleging civil rights violations and other wrongful conduct arising from his conviction and incarceration for more than 33 years in the Nevada Department of Corrections. The action was removed to this Court on June 20, 2025. [ECF No. 1.]

2. A Verified Wrongful Conviction Complaint was filed on May 1, 2025 in the Eighth Judicial District Court under Case No. A-25-918145-C (the "State Action"). The State Action arises from the same underlying criminal prosecution and wrongful conviction at issue in this matter but seeks statutory relief from the State of Nevada pursuant to NRS 41.900 et seq.

3. A Joint Discovery Plan and Scheduling Order was entered in this matter on September 3, 2025 [ECF No. 38].

4. On March 7, 2026, Mr. Gurri tragically passed away in a car accident, and a Suggestion of Death was entered on the record on March 26, 2026. [ECF No. 56]. On the same day, Defendant Preciado filed a Motion to Stay, pending potential substitution of the Plaintiff pursuant to FRCP 25(a)(1). [ECF No. 57].

5. On June 23, 2026, an Order Appointing Yasmani Gurri-Rubio and Marc R. Kustner, Esq. as Co-Special Administrators of Mr. Gurri's Estate was entered in the Eighth Judicial District Court under Case No. P-26-129612-E. A Motion to Substitute Party Pursuant to Fed. R. Civ. P. 25(a) (the "Motion to Substitute") was filed in this matter on the same day. [ECF No. 60].

6. The Motion to Substitute was granted on July 8, 2026 and Defendant Preciado's Motion to Stay was simultaneously denied as moot. [ECF No. 65].

7. The parties originally contemplated coordinating discovery between this action and the State Action, given the substantial overlap in the underlying facts, witnesses, and evidence, to facilitate efficient discovery and avoid duplicative discovery. [ECF No. 37, 2:17-24]. However, such coordination is not presently possible, as discovery in the State Action remains stayed

pending entry of an Order Granting Plaintiffs' Motion to Substitute Party Pursuant to NRCP 25(a) and submission of a revised Scheduling Order.[1]

8. Jose Echavarria, Mr. Gurri's co-defendant in the underlying criminal prosecution, is scheduled for retrial in the Eighth Judicial District Court in Case No. 90C095399-2 on a firm setting commencing January 25, 2027 (the "Echavarria Trial"). The parties jointly request a stay of discovery pending the conclusion of that trial for the reasons discussed below.

9. Defendant Edward Preciado's Motion to Dismiss also remains pending and has been fully briefed since August 14, 2026. [ECF Nos. 53, 70, 73]. Its resolution may further clarify the claims and issues requiring discovery.

**II. <u>Good Cause Exists to Stay Discovery:</u>**

10. "The decision of whether to stay discovery is entrusted to the 'wide discretion' of the district court." *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024). Under Fed. R. Civ. P. 26(c)(1), the Court may, for good cause, issue an order protecting a party or person from undue burden or expense, including by staying discovery. Although a stay of discovery requires more than generalized assertions of inconvenience or expense, good cause exists where the particular circumstances of the case demonstrate a specific need for the stay. See *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); see also *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("Some extraordinary justification must be shown to satisfy the good cause requirement of Fed.R.Civ.P. 26(c).")

11. The parties submit that good cause exists to temporarily stay discovery pending the conclusion of the Echavarria Trial. Mr. Echavarria was Mr. Gurri's co-defendant in the underlying criminal prosecution, and his upcoming retrial involves many of the same events, witnesses, and factual issues relevant to this action.

12. The testimony and evidence presented during the Echavarria Trial may bear directly on the parties' claims and defenses, particularly those concerning the underlying criminal

---

[1] A hearing on Plaintiffs' Motion to Substitute Party Pursuant to NRCP 25(a) was held in the Eighth Judicial District Court on September 8, 2026, at which time the Motion was orally granted. However, no formal Order has been entered, and discovery in the State Action remains stayed pending entry of the Order and submission of a revised Scheduling Order.

investigation. Allowing the retrial to conclude before continuing with discovery will enable the parties to evaluate the evidence adduced at the retrial, better focus their remaining discovery efforts, and assess the scope and subject matter of necessary expert testimony. A temporary stay will therefore allow the parties to proceed with a clearer understanding of the disputed factual issues.

13. Importantly, discovery in this action has already commenced. The parties, with the exception of Defendant Preciado, have exchanged initial disclosures, and certain requests for production of documents have been served and responded to. Thus, the requested stay is not intended to forestall discovery altogether, but rather to allow the parties to more effectively direct their remaining discovery efforts in light of the testimony and evidence that may be developed during the upcoming Echavarria Trial.

14. Equally important, the parties anticipate that Mr. Echavarria will be a necessary deposition witness in this action. However, because he is presently awaiting retrial on criminal charges arising from the same events, any attempt to depose him before the conclusion of his criminal proceedings would implicate substantial Fifth Amendment concerns. Indeed, the parties anticipate that Mr. Echavarria would likely seek a protective order to prevent or postpone his deposition until after his criminal retrial. Thus, proceeding with discovery at this juncture would likely result in collateral motion practice concerning Mr. Echavarria's deposition, with no assurance that the parties could obtain meaningful testimony before his criminal proceedings conclude. Even if his deposition were permitted to proceed, his potential invocation of the privilege against self-incrimination could substantially limit the examination and necessitate a second deposition following the retrial. This is especially important given Mr. Gurri's passing in March 2026 and the resulting inability to obtain further testimony from him.

15. These concerns extend beyond Mr. Echavarria's deposition. The testimony and evidence developed during the Echavarria Trial may clarify issues concerning the underlying investigation, identification procedures, or handling of evidence that could materially affect whether expert testimony is necessary and, if so, the appropriate areas of expertise. While the parties may not ultimately require expert testimony on all such issues, requiring them to retain and disclose experts before the retrial concludes could result in unnecessary expert expenses,

incomplete opinions, and subsequent supplementation of expert disclosures. Likewise, proceeding with other depositions and written discovery before the retrial concludes creates a substantial risk that those efforts will need to be supplemented or repeated in light of subsequently developed testimony and evidence. A temporary stay would avoid these foreseeable complications and allow the parties to conduct discovery in a more informed and efficient manner.

16. The requested stay would also facilitate the parties' efforts to coordinate discovery with the State Action. As set forth above, the two actions arise from the same underlying criminal prosecution and wrongful conviction and involve substantially overlapping facts, witnesses, and evidence. The parties previously contemplated coordinating discovery between the proceedings to minimize duplication and reduce the expense of litigating substantially similar factual issues in separate actions. However, discovery in the State Action remains stayed pending entry of a formal order substituting the Co-Special Administrators of Mr. Gurri's Estate and submission of a revised scheduling order. Proceeding independently with discovery in this action while the State Action remains stayed would undermine those anticipated efficiencies and could require the parties to revisit discovery once the State Action resumes.

17. Additionally, Defendant Preciado's Motion to Dismiss remains pending before this Court and has been fully briefed since August 14, 2026. [ECF Nos. 53, 70, 73]. Although the parties do not contend that the mere pendency of a motion to dismiss independently warrants a stay, the Court's resolution of that Motion may affect the claims and issues remaining for discovery. Accordingly, this pending Motion provides an additional consideration favoring a temporary stay, particularly when considered together with the upcoming Echavarria Trial and the parties' efforts to coordinate discovery in the related State Action.

18. Absent a stay, the parties would be required to continue their remaining discovery efforts without the benefit of potentially significant testimony and evidence developed during the upcoming retrial of a central witness, which may directly inform the scope and direction of further discovery in this action. Moreover, efforts to obtain Mr. Echavarria's deposition before his retrial would likely result in a motion for protective order and potentially substantial litigation over his Fifth Amendment rights. Requiring the parties to engage in such motion practice, while simultaneously conducting other discovery that may need to be supplemented or repeated

following the retrial, would impose unnecessary burdens and expenses on the parties and witnesses. By contrast, a temporary stay would avoid these foreseeable disputes and permit discovery to proceed on a more complete factual record.

19. The requested stay is temporary, tied to a specific proceeding, and will not unfairly prejudice any party. Discovery has already commenced, and the parties anticipate resuming their remaining discovery efforts following the Echavarria Trial. The Echavarria Trial is presently scheduled to commence on January 25, 2027, on a firm trial setting. Thus, the requested stay is tied to a specific and identifiable proceeding rather than an indefinite or speculative future event. Further, all parties agree that a temporary stay is appropriate under the circumstances. The parties seek this relief in good faith, not for purposes of delay, but to avoid unnecessary discovery expenses and facilitate the efficient completion of discovery once the criminal retrial has concluded.

20. Accordingly, the parties submit that the particular circumstances of this case establish good cause under Fed. R. Civ. P. 26(c) to temporarily stay discovery pending the conclusion of the Echavarria Trial. A stay will conserve the parties' resources, minimize unnecessary and duplicative discovery, avoid foreseeable disputes concerning Mr. Echavarria's deposition, and permit discovery to proceed on a more complete factual record without unfair prejudice to any party.

21. Based on the foregoing, the parties stipulate and agree that all discovery in this action, together with all unexpired discovery and pretrial deadlines, should be stayed pending the conclusion of the Echavarria Trial. The parties further agree to submit a joint status report and proposed amended discovery plan and scheduling order within fourteen (14) days following the conclusion of the Echavarria Trial, or such other time as the Court may direct.

22. The stay of discovery will apply to the following deadlines:

| **Deadline** | **Current Deadline Date** | **Status** |
|---|---|---|
| Final Date to File Motions to Amend Pleadings or Add Parties | October 7, 2026 | Deadline passed prior to this stipulation; not affected |
| Initial Expert Disclosures | November 6, 2026 | **Stayed pending further order** |

| | | |
|---|---|---|
| Rebuttal Expert Disclosures | December 7, 2026 | **Stayed pending further order** |
| Close of Discovery | January 6, 2027 | **Stayed pending further order** |
| Dispositive Motions Deadline | February 5, 2027 | **Stayed pending further order** |
| Final Date to Submit Joint Pre-Trial Order | March 8, 2027, or 30 days after decisions on any dispositive motions are issued, whichever is later | **Stayed pending further order** |

DATED this 4th day of November, 2026.

**SGRO & ROGER**

*/s/ Alanna C. Bondy*
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ALANNA C. BONDY, ESQ.
Nevada Bar No. 14830
*Attorney for Plaintiff*

DATED this 5th day of November, 2026.

**UNITED STATES ATTORNEY'S OFFICE**

*/s/ Nathan M. Claus*
NATHAN M. CLAUS, ESQ.
Nevada Bar No. 15889
*Attorney for Federal Defendants*

DATED this 4th day of November, 2026.

**KAEMPFER CROWELL**

*/s/ Lyssa S. Anderson*
LYSSA S. ANDERSON, ESQ.
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI, ESQ.
Nevada Bar No. 14892
TRAVIS C. STUDDARD, ESQ.
Nevada Bar No. 16454
*Attorneys for Defendants LVMPD and Robert Leonard*

DATED this 4th day of November, 2026.

**OLSON CANNON GROMLEY**

*/s/ Thomas D. Dillard*
THOMAS D. DILLARD, ESQ.
Nevada Bar No. 6270
*Attorney for Clark County and William Henry*

IT IS SO ORDERED; provided, however, the parties must file as status report no later than January 29, 2027 advising whether the Echavarria trial commenced as scheduled. If the Echavarria criminal trial did not commence as scheduled, the parties' submission must include the new trial date or, if none is set, dates for regular status updates. Once a new trial date is set, the parties **must** file a status report no later than **7 days** after that date advising whether the trial commenced as scheduled. No later than **14 days** after conclusion of Echavarria's criminal case, whether through a jury verdict or plea, the parties **must** file a status report that includes a proposed discovery plan and scheduling order.

Elayna J. Youchah
UNITED STATES MAGISTRATE JUDGE

DATED: November 5, 2026